IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

N. J. JACKSON,

    Petitioner,

v.

RANDY GROUNDS, Warden,

    Respondent.

No. C 12-02502 YGR (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; AND DENYING CERTIFICATE OF APPEALABILITY**

    Petitioner, a state prisoner proceeding *pro se*, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Respondent has moved to dismiss the petition as successive under 28 U.S.C. § 2244(b). (Docket No. 10.) Petitioner opposes the motion to dismiss. For the reasons discussed below, the Court grants Respondent's motion to dismiss.

## BACKGROUND

    In January 1998, Petitioner was sentenced to sixty-six years to life in state prison, following his conviction by an Alameda County jury of two counts of robbery with thirteen prior strikes. (Resp't Ex. 1 at 2.)

    On December 22, 1998, the California Court of Appeal modified the sentence and otherwise affirmed the judgment. (*Id.*) No petition for review was filed in the California Supreme Court.[1] (*Id.*)

    Between 1999 and 2003, Petitioner filed several state habeas petitions, which were denied. (*Id.* at 2-3.)

    In April 2003, Petitioner filed his first federal habeas petition, which was dismissed without prejudice for failure to pay the filing fee or seek *in forma pauperis* status. *See* Case No. C 03-01544 VWR (PR).

    In June 2003, Petitioner filed his second federal habeas petition, which was again dismissed

---

[1] The Court previously noted Petitioner alleged that "for some unknown reason" the California Supreme Court did not receive and file a petition for review he gave to prison officials for mailing on January 10, 1999, and which prison records show prison officials mailed on January 13, 1999. (Resp't Ex. 1 at footnote 1.)

without prejudice for failure to pay the filing fee or seek *in forma pauperis* status.  *See* Case No. C 03-02952 VRW (PR).

In November 2003, Petitioner filed his third federal habeas petition, which the Honorable Vaughn R. Walker dismissed as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See* Case No. C 03-05025 VRW (PR).  Petitioner appealed the dismissal to the Ninth Circuit Court of Appeals, which remanded for additional consideration of statutory and equitable tolling issues. (Resp't Ex. 2.) On June 11, 2007, former Chief Judge Walker found no cause for tolling, and again dismissed the petition as untimely. (Resp't Ex. 1 at 5-10.)  Petitioner's subsequent attempt to appeal again was dismissed because he failed to file a timely notice of appeal. (Resp't Ex. 2.)

On June 1, 2012, Petitioner filed the instant petition -- his fourth federal habeas petition.  He did not indicate on the form that he had filed any previous federal habeas petitions. (Pet. at 4-5.)

## DISCUSSION

A claim presented in a second or successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be dismissed if presented in a prior petition.  *See* 28 U.S.C. § 2244(b)(1); *Babbitt v. Woodford*, 177 F.3d 744, 745-46 (9th Cir. 1999).  Similarly, if a claim was previously presented, then asserting a new factual basis for that claim in a second or successive petition is not sufficient to prevent dismissal.  *See id.* at 746 (ineffective assistance claim based on counsel's alcohol abuse successive of claim that counsel failed to present Post Traumatic Stress Disorder claim).  As a consequence, a petitioner must obtain an order from the court of appeals which authorizes the district court to consider any second or successive petition before that petitioner can file such a petition.  *See* 28 U.S.C. § 2244(b)(3)(A).  Without such an order, a district court must dismiss the successive petition, including any new claims raised in that petition.  *See id.* § 2244(b)(2).

Here, Respondent contends that the instant petition is successive because Petitioner has filed prior federal habeas petitions, which challenged the same underlying state conviction. (Mot. to Dismiss at 3.)  In his third federal habeas action, Case No. C 03-05025 VRW (PR), former Chief Judge Walker granted Respondent's motion to dismiss the petition as untimely under 28 U.S.C.

§ 2244(d). Respondent contends this Court has no jurisdiction to consider Petitioner's renewed application for relief because Petitioner has made no showing that he obtained an order from the Ninth Circuit allowing him to file a successive petition. Thus, Respondent asserts the petition must be dismissed as successive under 28 U.S.C. § 2244(b).

In his opposition, Petitioner does not deny that he filed previous federal habeas petitions as shown by Respondent. By attaching the docket sheet for Case No. C 03-05025 VRW (PR) to his opposition, Petitioner concedes that his third federal habeas petition was dismissed as untimely under 28 U.S.C. § 2244(d). That docket sheet indicates that former Chief Judge Walker issued an Order granting Respondent's motion to dismiss the petition as untimely on July 28, 2004 and an Order Dismissing Petition as Untimely After Remand on June 11, 2007. While Petitioner claims he opposes Respondent's motion to dismiss the instant petition as successive, his arguments do not address that issue. Rather, the majority of his arguments relate to the timeliness of his petition, including whether equitable tolling is appropriate. For example, Petitioner complains that "[f]rom 12/22/1998 [he] was expected to transform himself over nite [sic] into a Litigation Legal Machine, aware of 'timely filing' notices, the Attorney General has not been required to show that [Petitioner] was aware of the one-year limitation and of the time filing notice." (Opp'n at 2.) In addition, Petitioner argues that Respondent:

> fails to show that [Petitioner] was even aware of the time for filing rule [and] for that reason equitable-tolling cannot be applied to a person who is not shown to have been made aware of the rules and thus violated those rules regardless, for that reason the 2254 should be heard and ruled upon based upon actual merits if there is any.

(*Id.* at 2-3.)

Petitioner's arguments challenging the dismissal of his previous federal habeas petition as untimely under 28 U.S.C. § 2244*(d)* are not relevant to the analysis here. (Emphasis supplied.) As mentioned above, Respondent moves to dismiss the present petition as successive under 28 U.S.C. § 2244*(b)*. (Emphasis supplied.) Section 2244*(b)* applies when a court has disposed of a previous petition on the merits. *See* 28 U.S.C. § 2244(b)(1) (emphasis supplied). The fact that a dismissal is based upon the statute of limitations does not change the result. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). The Ninth Circuit has held that such a dismissal constitutes a

disposition on the merits for the purposes of section 2244(d).  *See id.*  In addition, while AEDPA, which was signed into law on April 24, 1996, significantly changes many of the prior habeas corpus rules, including those pertaining to second or successive petitions under 28 U.S.C. § 2244(b), the Ninth Circuit has found that section 2244 applies to second or successive petitions pending in the district court *after* the Act was signed into law.  *See Williams v. Calderon*, 83 F.3d 281, 285-86 (9th Cir. 1996).  Here, the instant successive petition was filed *after* AEDPA was enacted.  *See id.*  It is undisputed that Petitioner's third federal habeas petition in Case No. C 03-05025 VRW (PR) was dismissed as untimely.  Consequently, the instant petition must be classified as a successive petition.  Because it is a successive petition, an authorization order from the court of appeals is necessary before this Court may consider the instant successive petition.  *See* 28 U.S.C. § 2244(b)(3)(A).  Petitioner has not presented an order from the Ninth Circuit authorizing this Court to consider any new claims.  *See id.*  Accordingly, this Court must dismiss the instant petition in its entirety under section 2244(b).

**CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss the petition as successive (Docket No. 10) is GRANTED.  The instant petition is DISMISSED as a successive petition pursuant to § 2244(b).

No certificate of appealability is warranted in this case.  *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition).  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Order terminates Docket No. 10.

IT IS SO ORDERED.

DATED: May 10, 2013

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE